IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2005 AUG -8  A 9: 47

_____ HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

BARRY BUCKHANON and
RODNEY FRALEY,

    Plaintiffs

vs.

    CIVIL ACTION NO. CV 05- 3:05-CV-0741-m

HUFF & ASSOCIATES
CONSTRUCTION COMPANY, INC.,

    Defendant

DEMAND FOR JURY TRIAL

## COMPLAINT

Come now, Barry Buckhanon and Rodney Fraley, Plaintiffs in the above styled cause and state as follows, to-wit:

## PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive and equitable relief; liquidated, compensatory and punitive damages; costs and attorney's fees for the race discrimination suffered by the Plaintiffs and charged by the Defendant.

## JURISDICTION

2. This action arises under the Civil Rights Act of 1964, 42 U.S.C. §2000e-2 and 42 U.S.C. §1981.

3. Jurisdiction is invoked pursuant to 42 U.S.C. 2000e-5(f) and 42 U.S.C. §1981.

4. The charges against Defendant alleging race discrimination were timely filed with the Equal Employment Opportunity Commission, and a right to sue/"determination" letter was issued. A copy is attached hereto as Exhibit "A". Plaintiffs have exhausted their administrative remedies.

5. Declaratory, injunctive and equitable relief is sought pursuant to 28 U.S.C. §§2201, 2202; and 42 U.S.C. §2000e-5(g).

1

6. Liquidated damages are sought pursuant to 42 U.S.C. §2000e-5(g).

7. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. §2000e-5(k), Federal Rules of Civil Procedure 54 and 42 U.S.C. §1981.

8. Plaintiffs also seek all compensatory and punitive damages allowable under 42 U.S.C. §1981, including but not limited to back pay, front pay, mental anguish and punitive damages, attorney's fees and costs.

9. Plaintiffs are black male resident citizens of Elmore County, Alabama.

10. Defendant is an employer engaged in an industry affecting interstate commerce, and employs more than twenty (20) regular employees.

11. Plaintiffs are members of a protected class under the Civil Rights Act of 1964, 47 U.S.C. §2000e-2 and 42 U.S.C. §1981.

## FACTS

12. On or about June 1, 2004, Plaintiffs began working for the Defendant as laborers in Lee County, Alabama.

13. The superintendent on the job site where the Plaintiffs were initially employed was a long-time employee of Defendant by the name of Bobby Myers.

14. During the entire time that Plaintiffs worked for Defendant, Mr. Myers was constantly cursing, ridiculing, insulting and otherwise intimidating the minority employees working under his supervision.

15. Mr. Myers made no attempt to hide or suppress his racist views and routinely used racial slurs in referring to black employees.

16. On one occasion, Mr. Myers said, "I ain't going to put up with a bunch of ignorant niggers on my job".

17. On another occasion, Mr. Myers became enraged over something and in speaking directly to Plaintiffs said, "Your kind don't know anything". In that same conversation Mr. Myers, in referring to another black employee, said, "Niggers like him don't know anything".

18. Mr. Myers also made insulting and denigrating comments to the Hispanic workers on the jobsite. He would tell them that "they needed to go back to Mexico and that they did not know anything".

19. Since Mr. Myers was the highest ranking employee of Defendant on the jobsite, his constant cursing, ridiculing, insulting and otherwise intimidating behavior created a hostile work environment for all minority employees including the Plaintiffs.

20. The Plaintiff Barry Buckhanon's last day to work for Defendant was July 26, 2004. On that day Mr. Myers got angry with the Plaintiff Barry Buckhanon because he asked if some of the other workers could get in out of the rain. Later that day Mr. Myers told Plaintiff Barry Buckhanon "don't come to work tomorrow – take tomorrow off". The following day, July 27, 2004, Mr. Myers told Plaintiff Rodney Fraley that Plaintiff Barry Buckhanon had been terminated.

21. The Plaintiff Rodney Fraley finally quit his job with Defendant on July 27, 2004 because he could no longer tolerate the verbal and other abuse directed at him by Mr. Myers.

22. Due to Defendant's intentional discriminatory conduct, Plaintiffs have proximately suffered damages including but not limited to lost income, emotional distress and mental anguish.

## COUNT ONE

23. Plaintiffs adopt and incorporate the allegations contained in paragraphs 1-22 of the Complaint as if fully set forth herein.

24. Defendant unlawfully discriminated against Plaintiffs on the basis of their race in violation of 42 U.S.C. §2000e-2.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court will do the following:

1. Find the conduct engaged in by Defendant to be in violation of Plaintiffs' rights;
2. Enjoin the Defendant from engaging in such conduct;
3. Award Plaintiffs back salary and fringe benefits and front salary and benefits accrued;
4. Award Plaintiffs for mental anguish and emotional distress;
5. Award Plaintiffs punitive damages for Defendant's intentional wrongful conduct;
6. Award Plaintiffs costs and attorney's fees; and
7. Grant such other relief as it may deem just and proper.

## COUNT TWO

25. Plaintiffs adopt and reallege the allegations set forth in paragraphs 1-24 as if set forth fully and completely herein.

26. Defendant engaged in intentional discrimination against Plaintiffs based on their race in violation of 42 U.S.C. §1981.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court will do the following:

8. Find the conduct engaged in by Defendant to be in violation of Plaintiffs' rights;

9. Enjoin the Defendant from engaging in such conduct;

10. Award Plaintiffs back salary and fringe benefits and front salary and benefits accrued;

11. Award Plaintiffs for mental anguish and emotional distress;

12. Award Plaintiffs punitive damages for Defendant's intentional wrongful conduct;

13. Award Plaintiffs costs and attorney's fees; and

14. Grant such other relief as it may deem just and proper.

_____
JAMES R. BOWLES (BOW011)
ATTORNEY FOR PLAINTIFFS

The Plaintiffs demand a struck jury for the trial of this cause.

_____
JAMES R. BOWLES (BOW011)
ATTORNEY FOR PLAINTIFFS

OF COUNSEL:
Bowles & Cottle
Attorney at Law
2 So. Dubois Avenue
PO Box 780397
Tallassee, Alabama 36078
(334) 283-6548
(334) 283-5366 (Fax)

4