**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BARRY BUCKHANON and** | § | |
| **RODNEY FRALEY,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | CASE NO.:  3:05-cv-0741-M |
| | § | |
| **HUFF & ASSOCIATES** | § | |
| **CONSTRUCTION COMPANY, INC.** | § | |
| | § | |
| **Defendant.** | § | |

<u>**ANSWER OF DEFENDANT**</u>
<u>**HUFF & ASSOCIATES CONSTRUCTION COMPANY, INC.**</u>

COMES NOW the Defendant, Huff & Associates Construction Company, Inc. ("Huff"), and answers the Plaintiffs' Complaint as follows:

1. For response to Paragraph 1 of the Complaint, Huff admits that this Action purports to seek declaratory, injunctive, and equitable relief along with compensatory and punitive damages, costs and attorneys, but Huff denies that it is liable to the plaintiffs so as to give rise to the award of damages or other relief.

2. For response to Paragraph 2 of the Complaint, Huff admits that this Action purports to state a claim under the Civil Rights Act of 1964, 42 U.S.C. §2000e-2 and 42 U.S.C. §1981, but Huff denies that it is liable to the Plaintiffs so as to give rise to the award of damages or other relief.

3. For response to Paragraph 3 of the Complaint, Huff admits that Plaintiffs purport to invoke federal jurisdiction, but Huff avers that these allegations therein constitute legal conclusions to which no response is required.  Should a response be deemed required, Huff is

without sufficient knowledge or information to admit or deny the existence of federal jurisdiction.

4. Huff is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 4 of the Complaint.

5. For response to Paragraph 5 of the Complaint, Huff admits that Plaintiffs purport to seek declaratory, injunctive, and equitable relief, but Huff denies that it is liable to the Plaintiffs so as to give rise to the award of damages or other relief.

6. For response to Paragraph 6 of the Complaint, Huff admits that Plaintiffs purport to seek liquidated damages, but Huff denies that it is liable to the Plaintiffs so as to give rise to the award of damages or other relief.

7. For response to Paragraph 7 of the Complaint, Huff admits that Plaintiffs purport to seek costs and attorneys' fees, but Huff denies that it is liable to the Plaintiffs so as to give rise to the award of damages or other relief.

8. For response to Paragraph 8 of the Complaint, Huff admits that Plaintiffs purport to seek compensatory and punitive damages, but Huff denies that it is liable to the Plaintiffs so as to give rise to the award of damages or other relief.

9. For response to Paragraph 9 of the Complaint, Huff admits that the Plaintiffs are black males, but it is without sufficient knowledge or information to admit or deny the remaining allegation set forth in paragraph 9 of the Complaint.

10. For response to Paragraph 10 of the Complaint, Huff admits that it is an employer engaged in an industry affecting interstate commerce and that it employs more than 20 employees.

11.     For response to Paragraph 11 of the Complaint, Huff avers that the allegations therein constitute legal conclusions to which no response is required. Should a response be deemed required, Huff admits that Plaintiffs are both black males.

12.     For response to Paragraph 12 of the Complaint, Huff admits that the Plaintiffs became employed with Huff in June of 2004.

13.     Huff admits the allegation set forth in Paragraph 13 of the Complaint.

14.     Huff denies the allegations set forth in Paragraph 14 of the Complaint.

15.     Huff denies the allegations set forth in Paragraph 15 of the Complaint.

16.     Huff denies the allegations set forth in Paragraph 16 of the Complaint.

17.     Huff denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Huff denies the allegations set forth in Paragraph 18 of the Complaint.

19.     Huff denies the allegations set forth in Paragraph 19 of the Complaint.

20.     For response to Paragraph 20 of the Complaint, Huff admits that Plaintiff Buckhanon was last employed with Huff on or about July 26, 2004. Huff is without sufficient knowledge or information to admit or deny the allegations contained in the second sentence of Paragraph 20 of the Complaint. Huff admits that Buckhanon was released from his employment but denies the allegations of the third and fourth sentences of Paragraph 20.

21.     Huff admits that Plaintiff Fraley resigned his employment with Huff but it denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Huff denies the allegations set forth in Paragraph 22 of the Complaint.

**RESPONSE TO COUNT ONE**

23.     For response to Paragraph 23 of the Complaint, Huff adopts and incorporates its prior responses as if fully set out herein.

24.    Huff denies the allegations set forth in Paragraph 23 of the Complaint and further denies that Plaintiffs are entitled to the relief requested in the unnumbered "Wherefore" paragraph of Count One.

## RESPONSE TO COUNT TWO

25.    For response to Paragraph 25 of the Complaint, Huff adopts and incorporates its prior responses as if fully set out herein.

26.    Huff denies the allegations set forth in Paragraph 26 of the Complaint and further denies that Plaintiffs are entitled to the relief requested in the unnumbered "Wherefore" paragraph of Count Two.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' Complaint should be dismissed, in whole or in part, to the extent Plaintiffs fail to state a claim upon which relief can be granted.

2.    Plaintiffs' discrimination claims are barred, in whole or in part, to the extent that they exceed the scope or are inconsistent with the charges of discrimination Plaintiffs filed with the Equal Employment Opportunity Commission (EEOC).

3.    All events which occurred more than one hundred eighty (180) days prior to the filing of the Plaintiffs' charges of discrimination are untimely and are not properly assertable in this action; nor are Plaintiffs entitled to relief in this action for any events which occurred more than one hundred eighty (180) days prior to the charge of discrimination. Huff pleads the applicable statute of limitations as a bar to some or all of the Plaintiffs' claims.

4.    To the extent it may be determined that Huff engaged in any of the conduct alleged in the Complaint, which Huff denies, such actions were contrary to Huff's good faith efforts to

comply with Title VII and applicable anti-discrimination laws. Consequently, Plaintiffs' claims for punitive damages are barred.

    5.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches and/or estoppel.

    6.    Upon information and belief, Plaintiffs have had and continue to have the ability to mitigate damages, and to the extent that mitigation has not occurred, Defendant pleads failure to mitigate as a full or partial bar to Plaintiffs' recovery.

    7.    To the extent that it may be found that Plaintiffs were subjected to any of the conduct alleged in the Complaint, which Huff denies, Huff is not liable for such conduct because it exercised reasonable care to prevent and promptly correct such conduct. Furthermore, Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided or to avoid harm otherwise.

    WHEREFORE, Defendant prays to the Court:

a.    that Plaintiffs have and recover nothing of Defendant;

b.    that Plaintiffs' Complaint be dismissed with prejudice;

c.    that judgment be entered in favor of Defendant;

d.    that the cost of this action be taxed against Plaintiffs and that the Defendant recover its costs in defending this action, including, but not limited to, attorneys' fees as allowed by law;

e.    that the Court grant Defendant such other and further relief as the Court may deem just and proper.

    /s/ BEN C. WILSON (asb-1649-i54b)
    **Attorney for Defendant**
    **Huff & Associates Construction Company, Inc.**

**OF COUNSEL:**
**RUSHTON, STAKELY, JOHNSTON**
**& GARRETT, P.A.**
**184 Commerce Street**
**P.O. Box 270**
**Montgomery, Alabama  36101-0270**
**Phone:  (334) 206-3100**
**Fax:  (334) 262-6277**

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James R. Bowles, Esq.
BOWLES & COTTLE
2 South Dubois Avenue
P.O. Box 780397
Tallassee, Alabama 36078


                                        /s/ Benjamin C. Wilson