IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BARRY BUCKHANON and<br>RODNEY FRALEY,<br><br>    Plaintiffs<br><br>vs.<br><br>HUFF & ASSOCIATES<br>CONSTRUCTION COMPANY, INC.,<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 3:05-CV-0741-M<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR ORDER COMPELLING PRODUCTION

Come now the Plaintiffs, by and through their attorney of record, and respectfully move the Court for an Order requiring the Defendant to produce and permit Plaintiffs to inspect and to copy each of the following documents:

1. The personnel file of Bobby Myers.

2. The personnel file of Barry Buckhanon.

3. The personnel file of Rodney Fraley.

4. The Defendant's disciplinary policy, to include penalties associated with each occurrence of a violation of the policy (i.e., first offense, second offense, third offense).

5. The Defendant's discharge policy.

6. The Defendant's race discrimination and racial harassment in the workplace policy.

7. Any employee rules and regulations in effect during the period of June 1, 2004 to July 30, 2004.

8. Any written complaints of racial harassment received from or made by any employee during the period January 1, 2004 to December 31, 2004. Include copies of all investigations and how the complaints were resolved.

9. A list of employees who were terminated or otherwise left their employment during the period of January 1, 2004 through December 31, 2004. Attach copies of termination notices.

10. A work site organization chart for the period June 1, 2004 to July 30, 2004.

11. Any EEOC charges filed against Defendant in the past five years alleging racial harassment.

12. The Articles of Incorporation and By-Laws of Huff & Associates Construction Company, Inc. and any amendments thereto from the date of incorporation to the present.

13. Any and all minutes of the stockholders, officers and board of directors of Huff & Associates Construction Company, Inc. from the date of incorporation to the present.

14. Any and all insurance policies or insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. This should include, but not be limited to, unredacted copies of the policy terms, provisions, conditions, endorsements, declaration pages, exclusions or any other portion of the

policies of any kind or nature whatsoever. The documents should include disclosure of the policy limits on the documents themselves as in the original.

The Plaintiffs did previously, on the 28th day of October, 2005, serve a Request upon the Defendant for production of said documents. A copy of Plaintiffs' First Request for Production of Documents, Etc., Under Rule 34 is attached hereto and identified as Exhibit "A". The Defendant has failed or refused to produce any of the requested documents.

The undersigned attorney for the Plaintiffs represents to the Court that before filing this motion he has endeavored to resolve the subject of the discovery motion through correspondence or discussions with opposing counsel without success.

                                                            JAMES R. BOWLES (BOW011)
                                                            ATTORNEY FOR PLAINTIFFS

OF COUNSEL:
Bowles & Cottle
Attorneys at Law
P.O. Box 780397
2 So. Dubois Avenue
Tallassee, Alabama 36078
(334) 283-6548
Fax: (334) 283-5366
(Email) BowlesandCottle@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above Motion for Order Compelling Production on the Hon. Ben C. Wilson, Attorney for Defendant, by mailing a copy thereof, postage prepaid, to him at his proper mailing address of RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A., 184 Commerce Street, Post Office Box 270, Montgomery, Alabama 36101-0270 on this the 29th day of December, 2005.

_____
OF COUNSEL