IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BARRY BUCKHANON and | § | |
| RODNEY FRALEY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CASE NO.: 3:05-cv-0741-WKW |
| | § | |
| HUFF & ASSOCIATES | § | |
| CONSTRUCTION COMPANY, INC. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT HUFF & ASSOCIATES CONSTRUCTION COMPANY, INC.'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS UNDER RULE 34

COMES NOW the Defendant, Huff & Associates Construction Company, Inc. ("Huff"), and by and through counsel, hereby responds to Plaintiffs' First Request for Production as follows:

1.    The personnel file of Bobby Myers.

**RESPONSE:  Produced.  See documents numbered Huff 0001-0044.**

2.    The personnel file of Barry Buckhannon.

**RESPONSE:   Please see documents provided to EEOC (EEOC 00048-00054) and therefore already in the possession of Plaintiffs' counsel.**

3.    The personnel file of Rodney Fraley.

**RESPONSE:   Please see documents provided to EEOC (EEOC 00055-00060) and therefore already in the possession of Plaintiffs' counsel.**

4.    The Defendant's disciplinary policy, to include penalties associated with each occurrence of a violation of the policy (i.e., first offense, second offense, third offense).

**RESPONSE:** There is no written disciplinary policy applicable to the work site in question.

5.      The Defendant's discharge policy.

**RESPONSE:** There is no written discharge policy applicable to the work site in question.

6.      The Defendant's race discrimination and racial harassment in the workplace policy.

**RESPONSE: Please see document numbered EEOC 00044, provided to EEOC and therefore already in the possession of Plaintiffs' counsel.**

7.      Any employee rules and regulations in effect during the period of June 1, 2004 to July 30, 2004.

**RESPONSE: Objection to the extent that this request is vague, subjective in interpretation, overbroad, and therefore not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant is unable to reasonably interpret this request and therefore requests additional specificity as to what is contemplated by the phrase "rules and regulations."**

8.      Any written complaints of racial harassment received from or made by any employee during the period of January 1, 2004 to December 31, 2004. Include copies of all investigations and how the complaints were resolved.

**RESPONSE: This defendant possesses no documents responsive to this request.**

9.      A list of employees who were terminated or otherwise left their employment during the period of January 1, 2004 through December 31, 2004. Attach copies of termination notices.

**RESPONSE:** Objection to the extent that this request seeks information regarding terminations or separations from service that occurred after those involving the Plaintiffs. Without waiving these objections, documents evidencing this information were provided to the EEOC and are therefore already in the possession of Plaintiffs' counsel (see EEOC 0001-0043).

10.    A work site organization chart for the period of June 1, 2004 to July 30, 2004.

**RESPONSE:** This Defendant has no documents responsive to this request. A general organizational chart was created for the EEOC and is therefore already in plaintiffs' counsel's possession (EEOC 0045).

11.    Any EEOC charges filed against Defendant in the past five years alleging racial harassment.

**RESPONSE: None other than those of the Plaintiffs.**

12.    The Article of Incorporation and Bylaws of Huff & Associates Construction Company, Inc. and any amendments thereto from the date of incorporation to the present.

**RESPONSE:** These documents will be made available for inspection at the offices of defense counsel.

13.    Any and all minutes of the stockholders, officers, and board of directors of Huff & Associates Construction Company, Inc. from the date of incorporation to the present.

**RESPONSE: These documents will be made available for inspection at the offices of defense counsel.**

14.    Any and all insurance policies or insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

This should include, but not be limited to, unredacted copies of the policy terms, provisions, conditions, endorsements, declaration pages, exclusions or any other portion of the policies of any kind or nature whatsoever. The documents should include disclosure of the policy limits on the documents themselves as in the original.

      **RESPONSE:**  None.

 

 

_____
BENJAMIN C. WILSON (asb-1649-i54b)
**Attorney for Defendant**
**Huff & Associates Construction Company, Inc.**

**OF COUNSEL:**
**RUSHTON, STAKELY, JOHNSTON**
**& GARRETT, P.A.**
**P.O. Box 270**
**Montgomery, Alabama 36101-0270**
**Phone: (334) 206-3194**
**Fax: (334) 481-0831**

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served the above and foregoing document upon all interested parties by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 20ᵗʰ day of January 2006 as follows:

James R. Bowles, Esq.
BOWLES & COTTLE
2 South Dubois Avenue
P.O. Box 780397
Tallassee, Alabama 36078

 

_____
OF COUNSEL