# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | |
| X | EEOC | 130-2004-04247 |

and EEOC

_____
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Rodney Jermaine Fraley | (334) 283-5092 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 640 Muskogee Trail | Tallassee, Alabama 36078 | 05/21/73 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME Huff & Associates Construction Co., Inc. | NUMBER OF EMPLOYEES, MEMBERS Unknown | TELEPHONE (Include Area Code) (334) 749-0052 |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1220 Fox Run Pkwy.; PO Box 2427; | Opelika, Alabama 36803-2427 | Lee |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| [X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] AGE | EARLIEST (ADEA/EPA)     LATEST (ALL) |
| [ ] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [ ] OTHER (Specify) | [ ] CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

My name is Rodney Jermaine Fraley and I reside at 640 Muskogee Trail in Tallassee, Alabama 36078. I am currently 31 years of age with a date of birth of May 21, 1973. I completed the 11th grade. My race is black or African American.

On or about June 1, 2004, I went to work for Huff & Associates Construction Company, Inc. (hereinafter "Huff & Associates") as a laborer. The superintendent on the job site where I was initially employed was a long-time employee of Huff & Associates by the name of Bobby Myers. During the entire time that I worked for Huff & Associates, Mr. Myers was constantly cursing, ridiculing, insulting and otherwise intimidating the minority employees working under his supervision. Mr. Myers routinely used racial slurs in referring to black employees. Mr. Myers made no attempt to hide or suppress his racist views. I have personally heard Mr. Myers use a variety of racially derogatory terms in referring to black and other minority employees. On one occasion I overheard Mr. Myers say, "I ain't going to put up with a bunch of ignorant niggers on my job". On another occasion Mr. Myers became enraged over something and in speaking directly to me and another black employee by the name of Barry Buckhanon said, "Your kind don't know anything". In that same conversation Mr. Myers, in referring to another

(See Continuation Page)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| Date 8/30/04     Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (10/94)

EXHIBIT E.

**The Particulars Are:**
(Continuation Page)


black employee, said, "Niggers like him don't know anything".   Mr. Myers also made insulting and denigrating comments to the Hispanic workers on the job site.  For instance, he would tell them that "they needed to go back to Mexico and that they did not know anything".  Since Mr. Myers was the highest ranking employee of Huff & Associates on the job site, his constant cursing, ridiculing, insulting and otherwise intimidating behavior created a hostile work environment for all minority employees including myself.

I finally quit my job with Huff & Associates on or about July 27, 2004 because I could no longer tolerate the verbal and other abuse directed at me by Mr. Myers.

AUG 3 1

EEOC FORM 131 (5/01)

# U. S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| ⌐ Mrs. Debra Stone<br>Payroll Administrator<br>HUFF & ASSOCIATES CONSTRUCTION<br>1220 Fox Run Pkwy<br>Opelika, AL 36803<br><br>L ⌐ | **Rodney J. Fraley** |
| | THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**130-2004-04247** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act        [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act        [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **07-OCT-04** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____
If you **DO NOT** wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Eddie D. Abdulhaqq,**
**Enforcement Supervisor**
*EEOC Representative*
Telephone: **(205) 212-2078**

**Birmingham District Office**
**Ridge Park Place**
**1130 22nd Street, South**
**Birmingham, AL 35205**

Enclosure(s): [X] Copy of Charge

---

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

**See enclosed copy of charge of discrimination.**

---

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Sep 07, 2004 | **Bernice Williams-Kimbrough,**<br>**District Director** | *[signature]* |

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge,* for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 130-2004-04248 |

and EEOC

_____
State or local Agency, if any

| NAME(Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Barry Lewis Buckhanon | (334) 283-8427 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 497 Kent Road | Tallassee, Alabama 36078 | 11/24/76 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME. (If more than one list below.)

| NAME Huff & Associates Construction Co., Inc. | NUMBER OF EMPLOYEES, MEMBERS Unknown | TELEPHONE (Include Area (334) 749-0052 |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNT |
|---|---|---|
| 1220 Fox Run Pkwy.; PO Box 2427; Opelika, Alabama 36803-2427 | | Lee |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNT |
|---|---|---|
| | AUG 3 1 2004 | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ AGE
☐ RETALIATION   ☐ NATIONAL ORIGIN   ☐ DISABILITY   ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK EARLIEST (ADEA/EPA)

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

My name is Barry Lewis Buckhanon and I reside at 497 Kent Road in Tallassee, Alabama 36078. I am currently 27 years of age with a date of birth of November 24, 1976. I completed the 12th grade at Tallassee High School in Tallassee, Alabama. My race is black or African American.

On or about June 1, 2004, I went to work for Huff & Associates Construction Company, Inc. (hereinafter "Huff & Associates") as a laborer. The superintendent on the job site where I was initially employed was a long-time employee of Huff & Associates by the name of Bobby Myers. During the entire time that I worked for Huff & Associates, Mr. Myers was constantly cursing, ridiculing, insulting and otherwise intimidating the minority employees working under his supervision. Mr. Myers routinely used racial slurs in referring to black employees. Mr. Myers made no attempt to hide or suppress his racist views. I have personally heard Mr. Myers use a variety of racially derogatory terms in referring to black and other minority employees. On one occasion I overheard Mr. Myers say, "I ain't going to put up with a bunch of ignorant niggers on my job". On another occasion Mr. Myers became enraged over something and in speaking directly to me and another black employee by the name of Rodney Fraley said, "Your kind don't know anything". In that same conversation Mr. Myers, in referring to
(See Continuation Page)

| want this charge filed with both the EEOC and the State or local Agency, any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| _Barry Lewis Buckhanon_ | |
| te 8/30/04    Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

OC FORM 5 (10/94)

**The Particulars Are:**
(Continuation Page)

another black employee, said, "Niggers like him don't know anything". Mr. Myers also made insulting and denigrating comments to the Hispanic workers on the job site. For instance, he would tell them that "they needed to go back to Mexico and that they did not know anything". Since Mr. Myers was the highest ranking employee of Huff & Associates on the job site, his constant cursing, ridiculing, insulting and otherwise intimidating behavior created a hostile work environment for all minority employees including myself.

My last day to work for Huff & Associates was Monday, July 26, 2004. On that day Mr. Myers got angry with me because I asked if some of the other workers could get in out of the rain. Later that day Mr. Myers told me "Don't come to work tomorrow - take tomorrow off". I expected to be able to return to work on Wednesday of that week but on Tuesday Mr. Myers told a friend and co-worker by the name of Rodney Fraley that I had been terminated.

AUG 3 1

EEOC FORM 131 (5/01)

## U. S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Mrs. Debra Stone<br>Payroll Administrator<br>HUFF & ASSOCIATES CONSTRUCTION<br>1220 Fox Run Pkwy<br>Opelika, AL 36803 | Barry L. Buckhanon |

THIS PERSON *(check one or both)*

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.

**130-2004-04248**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act

[ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act

[ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **07-OCT-04** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____ If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Eddie D. Abdulhaqq,
Enforcement Supervisor

*EEOC Representative*

Telephone: **(205) 212-2078**

**Birmingham District Office
Ridge Park Place
1130 22nd Street, South
Birmingham, AL 35205**

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Sep 07, 2004 | Bernice Williams-Kimbrough,<br>District Director | *Bernice Williams Kimbrough* |

*Enclosure with EEOC*
*Form 131 (5/01)*

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.