IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **BARRY BUCKHANON and** § | |
| **RODNEY FRALEY,** § | |
| § | |
| Plaintiffs, § | |
| § | |
| vs. § | CASE NO.: 3:05-cv-0741-wkw |
| § | |
| **HUFF & ASSOCIATES** § | |
| **CONSTRUCTION COMPANY, INC.,** § | |
| § | |
| Defendant. § | |

### MOTION TO STRIKE AFFIDAVITS OF B. D. NICHOLS AND JERRY GARRETT

COMES NOW the Defendant, Huff & Associates Construction Company, Inc. ("Huff"), and moves this Court to strike the affidavits of B.D. Nichols and Jerry Garrett, attached hereto as Exhibits A and B, both of which were submitted by Plaintiffs in Response/Opposition to Huff's pending Motion for Summary Judgment (Doc. 18). As grounds for this Motion, Huff states as follows:

1. The Nichols and Garrett affidavits reference racially derogatory statements allegedly made by Bobby Myers, an employee of Huff. Under the circumstances set forth in the affidavits, Myers' alleged statements constitute inadmissible hearsay to which no definitional rule or exception applies. See Fed. R. Evid. 801, 803.

2. Both affidavits contain several conclusory statements concerning statements allegedly made by Bobby Myers. The Nichols affidavit states that Myers "frequently" used the word "nigger" in speaking to Plaintiffs or about African-Americans generally and that he "constantly" cursed and berated employees. See Nichols Affidavit. Nichols further states that "[a]lthough Mr. Myers was generally abusive to everyone he was particularly abusive and insensitive to

African-Americans [and that] [t]his abusive behavior created an intolerable and hostile work environment for all employees but especially African-Americans." See Nichols Affidavit. Referring to an incident that occurred after Plaintiffs left Huff's employ, Garrett's affidavit states that Myers' conduct was "so vicious and insulting [sic] it made me so angry I wanted to attack Myers myself." See Garrett Affidavit. Referring to one or more encounters with Myers at a Tallassee business establishment unrelated to Huff or the Plaintiffs, Garrett stated that "Myers appeared to have no regard for who might hear his racially derogatory comments." See Garrett Affidavit.

     3.  These statements are conclusory in nature and do not constitute admissible testimony. See Carter v. Three Springs Residential Treatment, 132 F.3d 635, 642 and n. 6 (district court properly struck as conclusory affidavit statements that the defendant facility was "a racially hostile environment" and that "there was a racially biased attitude towards minority black employees"); see also Navarre v. City of Andalusia, 2006 U.S. Dist. LEXIS 42389 at *14 and n. 7 (M.D. Ala. 2006). "A conclusory statement in an affidavit . . . cannot create a genuine issue of material fact which precludes summary judgment." See id. quoting Miller v. Citizens Security Group, Inc., 116 F.3d 343, 346 (8th Cir. 1997).

     4.  Garrett's testimony concerning the post-employment encounter he supposedly witnessed between Myers and Plaintiffs over their final paychecks is immaterial as it could not have contributed to Plaintiffs' subjective view (or any objective view) of a hostile work environment. See Edwards, 49 F.3d at 1522; Carpenter v. Kelley Foods of Alabama, Inc., 2005 U.S. Dist. LEXIS 35453 at *10 (M.D. Ala. 2005). Likewise, the final paragraph of Garrett's affidavit recounts his hearing racial slurs Myers allegedly made at another commercial establishment. See Garrett Affidavit. Since there is no indication of any temporal, contextual, or

substantive link to Huff operations or to either of the Plaintiffs, this testimony is immaterial to any issue properly before the Court and should be stricken on that basis as well.  See Garrett Affidavit.

WHEREFORE, Defendant Huff & Associates Construction Company, Inc. respectfully moves this Court to strike the affidavits of B.D. Nichols and Jerry Garrett.


/s/ **BENJAMIN C. WILSON**  (asb-1649-i54b)
**Attorney for Defendant**
**Huff & Associates Construction Company, Inc.**

**OF COUNSEL:**
**RUSHTON, STAKELY, JOHNSTON**
**& GARRETT, P.A.**
**P.O. Box 270**
**Montgomery, Alabama  36101-0270**
**Phone:  (334) 206-3194**
**Fax:  (334) 481-0831**
**bcw@rsjg.com; dr@rsjg.com**

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed above and foregoing document with the Court via CM-ECF, on this the 28th day of August 2006, and that service will be made electronically by CM-ECF on the following counsel of record:

James R. Bowles, Esq.
BOWLES & COTTLE
2 South Dubois Avenue
P.O. Box 780397
Tallassee, Alabama 36078


/s/ Benjamin C. Wilson
OF COUNSEL